IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS GIRDLESTONE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ACE LIMITED, a/k/a ACE GROUP & ACE WESTCHESTER, d/b/a ILLINOIS UNION INSURANCE | ) ) ) ) | Civil Action No. 3:09-CV-530 Phillips/Shirley |
| Defendant. | ) ) ) | |

## MOTION TO DISMISS

Comes now Defendant ACE Limited by and through its counsel and pursuant to Rule 12(b)(6) and moves this Honorable Court for an Order dismissing the above-captioned lawsuit with prejudice. Mr. Girdlestone's Complaint should be dismissed for the following reasons:

1. **Because Mr. Girdlestone has failed to allege a denial of coverage – either defense or indemnity – by Illinois Union, this entire insurance coverage lawsuit should be dismissed with prejudice.**

2. **Because Mr. Girdlestone has failed to allege the existence of any cognizable duty that was breached by Illinois Union, this entire lawsuit should be dismissed with prejudice.**

3. **Because the Tennessee Unfair Trade Practice and Unfair Claims Settlement Act of 2009 was not effective and does not afford a private right of action, Mr. Girdlestone's First Cause of Action – Count 1 – should be dismissed with prejudice.**

4. **Because Tennessee does not recognize mere negligence as a sufficient basis for the imposition of "bad faith" or extra-contractual liability in insurance coverage cases, and because Mr. Girdlestone has failed to identify the breach of a duty owed him by Illinois Union, his Second Cause of Action – Count 2 – should be dismissed with prejudice.**

1

5. Because Mr. Girdlestone failed to allege any facts that give rise to a violation of the Tennessee Consumer Protection Act, his Third Cause of Action – Count 3 – should be dismissed with prejudice.

6. Because Mr. Girdlestone has failed to identify any contractual obligation or duty that was breached by Illinois Union, his Fourth Cause of Action – Count 4 – should be dismissed with prejudice.

7. Because Mr. Girdlestone has failed to allege any facts that give rise to the tort of Outrageous Conduct, and has further failed to allege the existence of the necessary elements of that tort, his Fifth Cause of Action – Count 5 – should be dismissed with prejudice.

8. Because Mr. Girdlestone has failed to allege the existence of the necessary elements to support a claim of Fraudulent Misrepresentation, his Sixth Cause of Action – Count 6 – should be dismissed with prejudice.

9. Mr. Girdlestone has not named the proper defendant, entitling ACE Limited to a dismissal of this lawsuit with prejudice.

In summary, Mr. Girdlestone received every benefit to which he was entitled as an insured. Mr. Girdlestone has failed to state a valid claim for which relief can be granted, and his lawsuit should be dismissed with prejudice.

Respectfully submitted, this the 4th day of January 2010.

/s/ Robert L. Bowman
Robert L. Bowman (BPR # 017266)
Betsy J. Beck (BPR #022863)
Kramer Rayson LLP
Post Office Box 629
Knoxville, TN 37901-0629
(865) 525-5134
(*Local Counsel*)

Gregory W. Brown
(NC BAR # 26238 /VA Bar # 36369)
Jessica C. Tyndall
(NC BAR # 28745/SC Bar # 76427)
Brown Law LLP
5410 Trinity Road, Suite 116
Raleigh, North Carolina 27607
(*Pro Hac Motions To Be Filed*)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th of January, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                s/Robert L. Bowman
                                                Robert L. Bowman

3

Case 3:09-cv-00530-TWP-CCS   Document 5   Filed 01/04/10   Page 3 of 3   PageID #: 63