IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS GIRDLESTONE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No.: 3:09-CV-530 |
| ) | Phillips/Shirley |
| ACE LIMITED, a/k/a ACE GROUP & ) | |
| ACE WESTCHESTER, d/b/a ILLINOIS ) | |
| UNION INSURANCE, ) | |
| ) | |
|    Defendants. ) | |

## MOTION TO STRIKE AND TO STAY PROCEEDINGS
## AND ORDER DEFENDANTS TO ALTERNATIVE DISPUTE RESOLUTION

Comes now the Plaintiff, Thomas Girdlestone, through undersigned counsel and pursuant to the U.S. District Court Local Rules for Tennessee, as well as the Federal Arbitration Act and the requirement of the D&O Insurance policy at issue in this lawsuit would move this Honorable Court for an Order striking Defendants Motion to Dismiss and an Order requiring the Defendants to submit to alternative dispute resolution pursuant to the requirement of its own insurance policy.

For good cause, Plaintiff would show unto this Honorable Court the following:

1. That Local Rule 16.5 pursuant to the Federal Arbitration Act gives this Honorable Court the authority to order parties to a lawsuit to alternative dispute resolution;

2. That more importantly the D&O Insurance Policy at issue in this litigation requires the following in Paragraph J:

> *The Insureds and the Insurer shall submit any dispute or controversy arising out of or relating to this Policy or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process described in this subsection.*
>
> *Either an Insured or the Insurer may elect the type of ADR process discussed below; provided however, that the Insured shall have the right to reject the choice by the Insurer of the type of ADR process at any time prior to its commencement, in which case the choice of the by the Insured of the ADR process shall control.*
>
> *There shall be two choices of ADR Process: (1) non-binding mediation administered by any mediation facility to which the Insurer and Insured mutual agree, in which the Insured and the Insurer shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the Insured and Insurer mutually agree, in which the arbitration panel shall consist of three disinterested individuals. In either mediation or arbitration, the mediator or arbitrators shall have the knowledge of the legal, corporate management and insurance issues relevant to the matters in dispute. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the award of the arbitrators shall not include attorney's fees or other costs. In the event of mediation, either party may have the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation shall be deemed concluded or terminated, In all events, each party shall share equally the expenses of the ADR process.*
>
> *Either ADR process may be commenced in New York, New York or in the state indicated in Item A of the Declarations as the principal address of the Parent Company. The Parent Company shall act on behalf of each and every insured in connection with any ADR process under this section.*

3. That the Plaintiff attempted to obtain the Defendants' cooperation in the ADR requirement of the D&O Policy prior to the statute of limitations running in this matter to which the Defendants initially agreed;

4. That the parties were to use the Honorable Robert P. Murrian to mediate the issues herein and the matter was set for mediation at his office;

5. That at the seventh hour the Defendants counsel at that time, Gregory Brown, called off the mediation using the disingenuous excuse that the issues could not be mediated because the Plaintiff had expert counsel investigating whether or not he had a claim against his defense counsel provided by Defendants in the <u>Elder</u> lawsuit. No suit had

been filed at that time against Plaintiff's insurance defense counsel and no suit will be filed in that regard;

6. That due to the cancelling the of the required mediation by Defendants, Plaintiff was forced to quickly file this action to avoid the statute of limitations running;

7. Defendants asked counsel for Plaintiff for two extensions in this matter using one to remove this matter to this Honorable Court and the using the second to file a Motion to Dismiss;

8. That Defendants are required to submit to ADR in this matter by the terms of its own insurance policy;

9. That with an ADR requirement in place to which the Defendant has not complied with no dispositive motion can be heard in this matter and the filing of the Motion to Dismiss was improper by the Defendants and should be stricken;

WHEREFORE, PREMISES CONSIDERED PLAINTIFF PRAYS:

A. That this Honorable Court strike the Defendants Motion to Dismiss;

B. That this Honorable Court order the Defendants to cooperate with the alternate dispute resolution requirement of the D&O Policy;

C. That this Honorable Court award the Plaintiff his reasonable attorney fees for having to bring this motion;

D. That costs be taxed to the Defendants;

E. For general relief.

Respectfully submitted,

LAW OFFICE OF RUSSELL L. EGLI

*/s/ Russell L. Egli*
Russell L. Egli
Attorney for Plaintiff
P.O. Box 23843
Knoxville, TN 37933
(865) 531-8192
BPR#024408

CERTIFICATE OF SERVICE

    I hereby certify that on the ____ day of _____, a copy of this Motion was filed electronically, that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. The parties may access this filing through the Court's electronic filing system.

*/s/ Russell L. Egli*