IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS GIRDLESTONE, | ) |
| Plaintiff, | ) |
| v. | ) |
| ACE LIMITED, a/k/a ACE GROUP & ACE WESTCHESTER, d/b/a ILLINOIS UNION INSURANCE | ) Civil Action No. 3:09-CV-530<br>) Phillips/Shirley |
| Defendants. | ) |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Pending before this Honorable Court is Defendant ACE Limited's ("ACE") Motion to Dismiss (R. 5) the above-captioned lawsuit filed by Plaintiff Thomas Girdlestone ("Mr. Girdlestone") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 16, 2010, Mr. Girdlestone filed his response (R.16) to ACE's Motion, and now, consistent with Local Rule 7.1, ACE files this reply.

### I.    INTRODUCTION.

As an initial matter, Plaintiff has indicated that he is withdrawing the claims for relief contained within the following Counts of his operative Complaint:

- Count 1 (Violations of the Unfair Trade Practices and Unfair Claims Settlement Act of 2009)
- Count 2 (Negligence)
- Count 6 (Fraudulent Misrepresentation)

As a result, the only causes of action left for this Honorable Court's consideration in connection with ACE's Motion to Dismiss are Count 3 (Violations of the Tennessee Consumer Protection Act), Count 4 (Breach of Contract) and Count 5 (Outrageous Conduct). For the reasons set forth below and the reasons contained in ACE's previously filed Memorandum of Law in Support of its Motion to Dismiss, no matter what form his claims may take, Mr. Girdlestone has not set forth any legally cognizable theory of relief.

1

## II. ARGUMENT.

Mr. Girdlestone does not possess any viable claims against ACE, and ACE is not a proper party defendant. Though Mr. Girdlestone may regret settling the *Elder* litigation, his decision to do so does not create any viable claim for relief against ACE. This lawsuit should be dismissed.

### A. The settlement of the *Elder* litigation does not give Mr. Girdlestone any viable claim for relief, and therefore, this lawsuit should be dismissed.

Though Mr. Girdlestone asserts claims for breach of contract, outrageous conduct, and for violations of Tennessee Consumer Protection Act, none of those claims are viable because the conduct about which he complains does not fit the elements of any of those causes of action. *See* ACE's Memorandum of Law in Support of its Motion to Dismiss. Moreover, Mr. Girdlestone admits, "Denial of coverage has nothing to do with this lawsuit." (R. 16, Pl. Resp. to Def.'s Mtn. to Dismiss, p. 1). Thus, in the insurance context, he has no claim for bad faith or extra-contractual remedies.

Instead, it appears that Mr. Girdlestone is attempting to fashion some sort of claim based upon his "buyer's remorse" following the settlement of the *Elder* litigation. Indeed, Mr. Girdlestone states that "[t]he gravamen of [his] complaint is that [ACE] with the knowledge of [Mr. Girdlestone's] counter-claim and cross-claims *tried* to force a settlement agreement by using deceptive business practices which would forever bar a counter-claim against Elder and severely injure his claims against Aurora's directors and officers." (R. 17, Pl. Mem. of Law, p. 9)(italics and underscoring added). Mr. Girdlestone fails to recognize, however, that absent his actual consent – given without duress or coercion – there could be no settlement of the *Elder* litigation.

As the United States Court of Appeals for the Sixth Circuit has recognized, "if a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim." *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1482, (6th Cir. 1989), citing Restatement of Contracts 2d § 173. Accordingly, if Mr. Girdlestone felt or feels he was coerced into participating in the settlement of the *Elder* litigation, he could and should have defended against Ms. Elder's attempts to enforce the settlement of that litigation, or he could now challenge the validity of that settlement in state court. Instead, Mr. Girdlestone admits that he retained counsel to advise him with respect to his

2

counterclaims (R. 1, Compl. ¶ 18), and that with his counsel's advice, he agreed to settle the *Elder* litigation. (R. 1, Compl. ¶ 32).

Mr. Girdlestone simply does not possess any viable claim against anyone – and certainly not ACE, which did not insure him – now that he has accepted the benefit of the settlement that Illinois Union negotiated with his consent and for which it paid $85,000 on his behalf. Mr. Girdlestone's claims should, therefore, be dismissed.

### B. ACE did not insure Mr. Girdlestone and is not a proper party to this lawsuit.

Though Mr. Girdlestone claims that ACE Limited is the parent company of his insurer, Illinois Union Insurance Company, Mr. Girdlestone has not alleged any facts that would justify holding ACE Limited liable for the alleged bad acts of Illinois Union Insurance Company. A parent company "is not liable for the acts of subsidiaries absent a showing of complete identity between the parent and the subsidiary." *U.S. ex. rel. Hadid v. Johnson Controls, Inc.*, 2005 WL 1630098 at * 5 (E.D. Mi. July 7, 2005)(unpublished decision attached hereto). *See also McConkey v. McGhan Medical Corporation*, 144 F. Supp.2d 958 (E.D. Tenn. 2000). Mr. Girdlestone has named only one defendant in this litigation – ACE Limited. His attempts to name other defendants by referring to them as "d/b/a" trade names are not effective. Accordingly, because Mr. Girdlestone has not properly named his actual insurer as a party defendant and because he has not articulated any viable claims against ACE Limited as a parent company of his insurer, this entire lawsuit should be dismissed.

### III. CONCLUSION.

Mr. Girdlestone received every benefit to which he was entitled as an Illinois Union insured. He has not properly articulated any actionable claims for relief against ACE. His lawsuit is meritless, and it should be dismissed with prejudice.

Respectfully submitted, this the 22nd day of February 2010.

/s/ Robert L. Bowman
Robert L. Bowman (BPR # 017266)
Betsy J. Beck (BPR #022863)
Kramer Rayson LLP
Post Office Box 629
Knoxville, TN 37901-0629
(865) 525-5134
(*Local Counsel*)

Gregory W. Brown
(NC BAR # 26238 /VA Bar # 36369)
Jessica C. Tyndall
(NC BAR # 28745/SC Bar # 76427)
Brown Law LLP
5410 Trinity Road, Suite 116
Raleigh, North Carolina 27607
(*Pro Hac Motions Pending*)

Attorneys for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on this the 22nd day of February, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Robert L. Bowman
Robert L. Bowman