# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| THOMAS GIRDLESTONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACE LIMITED, ) <br> ) <br> ) <br> Defendant. ) | No. 3:09-CV-530 <br> (Phillips) |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions:

- ■ Ace Limited's Motion to Dismiss [Doc. 5];

- ■ Plaintiff's Motion to Stay [Doc. 9];

- ■ Plaintiff's Motion to Amend the Complaint [Doc. 15].

This case involves a dispute between an insurance company and a director covered by an insurance policy. This lawsuit was removed to federal court on December 4, 2009. On January 4, 2009, Ace Limited filed a Motion to Dismiss [Doc. 5]. On January 13, 2010, Plaintiff filed a Motion to Stay [Doc. 9]. Plaintiff requests that the Court order the parties to submit to alternative dispute resolution, as required by the Business and Management Indemnity Policy (hereafter, the "Policy"). [*See* Clause J of the Business and Management Indemnity Policy, Doc. 1-1 at 22-23]. On February 10, 2010, Plaintiff filed a Motion to Amend the Complaint [Doc. 15].

The following issue is before the Court: are the parties required to submit to alternative dispute resolution, as required by the Policy? For the following reasons, Plaintiff's Motion to Stay

1

[Doc. 9] is **GRANTED**, whereby the parties are required to submit to alternative dispute resolution, as required by Clause J of the Policy. [*See* Clause J of the Business and Management Indemnity Policy, Doc. 1-1 at 22-23]. Because this case is **STAYED** pending mediation or arbitration, Ace Limited's Motion to Dismiss [Doc. 5] and Plaintiff's Motion to Amend [Doc. 15] are **DENIED**, with leave for the parties to re-file in the event that this case is not resolved through alternative dispute resolution.

In addition, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Ace Limited is removed as a defendant, and Illinois Union Insurance Company ("Illinois Union") is added as a defendant. This means that Illinois Union– not ACE Limited– is required to comply with the Court's Order regarding alternative dispute resolution. Plaintiff is **ORDERED** to serve a copy of the complaint and this Order on Illinois Union within fourteen days of entry of this Order. Service must comply with Rule 4(h) of the Federal Rules of Civil Procedure.

I.  **BACKGROUND**

In 2004, Plaintiff was hired as Chief Executive Officer ("CEO") of Aurora Lighting, Inc. ("Aurora"). As CEO, Plaintiff was covered by a D&O insurance policy (the "Policy") issued by Illinois Union. While serving as CEO, a female subordinate, Susan Elder ("Ms. Elder") filed a defamation claim against Plaintiff (hereafter, the "Elder litigation").

Under the Policy, Illinois Union was required to defend certain acts and omissions committed by Aurora's directors and officers. Thus, Illinois Union was required to (1) investigate Ms. Elder's claims; and (2) provide a legal defense for Plaintiff. Plaintiff states that he wanted to file counterclaims against Ms. Elder, but Illinois Union refused. Because Illinois Union was not required under the Policy to file counterclaims, Plaintiff retained private counsel for this purpose.

Ultimately, the Elder litigation was resolved through a settlement agreement that Plaintiff signed. [*See* Elder Litigation Settlement Agreement, Doc.1-1 at 43]. Ms. Elder relinquished all claims against Plaintiff in exchange for $85,000.00, as paid by Illinois Union. [Id.]. Plaintiff states that while he signed the settlement agreement, Illinois Union pressured him to do so.

Plaintiff has filed numerous claims against Ace Limited, including but not limited to: negligence, breach of contract, and violation of the Tennessee Consumer Protection Act. Since this case was removed to federal court, Plaintiff has abandoned some of his claims. [*See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Doc. 17]. The Court now decides whether these claims must be submitted to alternative dispute resolution.

## II. ANALYSIS

### A. Illinois Union Insurance Company Is Added As a Defendant and ACE Limited Is Removed As a Defendant

Under Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As the Court of Appeals for the Sixth Circuit has recognized, district courts have the discretion "to drop a misjoined party pursuant to Rule 21 absent an abuse of discretion." Letherer v. Alger Group, L.L.C., 328 F.3d 262, 267 (6th Cir. 2003) (citations omitted), *overruled on other grounds*. As another court has stated, a district court "has wide discretion in deciding whether to dismiss a party as a defendant in a civil action." Intercon Research Assocs., Ltd. v. Dresser Indus., Inc., 696 F.2d 53, 56 (7th Cir. 1982). Pursuant to Rule 21, a court may exercise its discretion to "drop a party from a lawsuit *sua sponte* whose presence no longer [a]ffects the issues being litigated." Edgar v. City of Chicago, 942 F.Supp. 366, 370 (N.D. Ill. 1996), *vacated on other grounds*, 137 F.3d 474 (7th Cir. 1998); *see also* Glendora v. Malone, 917 F.Supp. 224, 227 n.3 (S.D.N.Y. 1996) ("Clearly, the court may rely on

3

Rule 21 to delete parties that have no connection to the claims asserted.").

In this case, Plaintiff has sued "ACE Limited, a/k/a ACE Group & ACE Westchester, d/b/a Illinois Union Insurance." This is not the correct defendant. Plaintiff's claims arise from and relate to an insurance contract with Illinois Union Insurance Company. [*See* Business and Management Indemnity Policy, Doc. 1-1 at 16]. Illinois Union is the "Insurer," not ACE Limited. In addition, Plaintiff has not explained how Ace Limited was "doing business as" Illinois Union.

Because Plaintiff's claims arise from and relate to an insurance contract with Illinois Union, Ace Limited is not the correct defendant. **Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Ace Limited is removed as a defendant, and Illinois Union Insurance Company is added as a defendant.**

### B. Plaintiff and Illinois Union Insurance Company Are Ordered to Submit to Alternative Dispute Resolution, As Required By the Policy

Under the terms of the Policy, the "Insurer" is Illinois Union, and the "Parent Company" is "Aurora Lighting, Inc." [Id.]. The "Insureds" are defined as "the Company and the Directors and Officers." [Id. at 25]. Under Clause J of the Policy, the Insurer and Insureds agreed to submit "any dispute or controversy arising out of or relating to this Policy" to alternative dispute resolution:

> **J.  Alternative Dispute Resolution**
>
> The Insureds and the Insurer shall submit *any dispute or controversy arising out of or relating to this Policy* or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process described in this subsection.
>
> Either an Insured or the Insurer may elect the type of ADR process discussed below; provided however, that the Insured shall have the right to reject the choice by the Insurer of the type of ADR process at any time prior to its commencement, in which case the choice by the Insured of ADR process shall control.

> There shall be two choices of ADR process: (1) non-binding mediation administered by any mediation facility to which the Insurer and the Insured mutually agree, in which the Insured and the Insurer shall try in good faith to settle the dispute by mediation, in accordance with the then-prevailing commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the Insured and the Insurer mutually agree, in which the arbitration panel shall consist of three disinterested individuals. In either mediation or arbitration, the mediator or arbitrators shall have knowledge of the legal, corporate management, and insurance issues relevant to the matters in dispute. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the award of the arbitrators shall not include attorneys' fees or other costs. In the event of mediation, either party shall have the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least 60 days after the date the mediation shall be deemed concluded or terminated. In all events, each party shall share equally the expenses of the ADR process.
>
> Either ADR process may be commenced in New York, New York or in the state indicated in Item A of the Declarations as the principal address of the Parent Company. The Parent Company shall act on behalf of each and every insured in connection with any ADR process under this section.

[Id. at 22-23] [emphasis added]. To determine whether Plaintiff's claims must be submitted to alternative dispute resolution, the Court must decide whether these claims arose out of or relate to the Policy.

Ace Limited[1] argues that Plaintiff's claims are not based upon his status as an insured. [Defendant's Response in Opposition to Plaintiff's Motion to Stay, Doc. 14]. Rather, Defendant argues that Plaintiff's claims are based upon his status as a claimant against other insureds. [Id.]. Thus, the Court must determine whether Plaintiff's claims are based upon his status as an insured.

---

[1] Although Ace Limited has been removed as a defendant, its arguments concerning alternative dispute resolution would most likely be adopted by Illinois Union. Therefore, the Court will consider these arguments in deciding whether Plaintiff's claims must be submitted to alternative dispute resolution.

Under the Policy, Illinois Union was required to defend Insureds– which includes Plaintiff as CEO– against certain claims. Illinois Union agreed to the following duties:

> **F.  Settlement and Defense**
>
> 1. It shall be the duty of the Insurer and not the duty of the Insureds to defend any Claim. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The Insurer's duty to defend any Claim shall cease when the Limits of Liability have been exhausted by the payment of Loss including Costs, Charges and Expenses.
>
> 2. The Insurer may make any investigation it deems necessary, and shall have the right to settle any Claim; provided, however, no settlement shall be made without the consent of the Parent Company, such consent not to be unreasonably withheld.
>
> 3. The Insureds agree not to settle or offer to settle any Claim, incur any Costs, Charges and Expenses or otherwise assume any contractual obligation to admit any liability with respect to any Claim without the prior written consent of the Insurer, such consent not to be unreasonably withheld. The Insurer shall not be liable for any settlement, Costs, Charges and Expense, assumed obligation or admission to which it has not consented. The Insureds shall promptly send to the Insurer all settlement demands or offers received by any Insured from the claimant(s).
>
> 4. The Insureds agree to provide the Insurer with all information, assistance and cooperation which the Insurer reasonably requests and agree that, in the event of a Claim, the Insureds will do nothing that shall prejudice the position of the Insurer or its potential or actual rights of recovery.

[Business and Management Indemnity Policy, Doc. 1-1 at 31]. Plaintiff does not argue that Illinois Union was required to file counterclaims on his behalf. Instead, Plaintiff argues that Illinois Union failed to provide an adequate defense in the Elder litigation. As Plaintiff explained:

> Plaintiff does not allege that Defendant had a duty to bring counter-claims or cross-claims. *Plaintiff avers that Defendant was deceptive with him in the handling of the*

6

> *Elder matter* so as to defeat his rights under the counter-claims and cross-claims he filed against Elder and Aurora's directors and officers with his own private counsel.

[Plaintiff's Memorandum of Law in Support of His Response to Defendant's Motion to Dismiss, Doc. 17 at 6] [emphasis added]. For example, Plaintiff states that counsel appointed by Illinois Union failed to depose material witnesses. In addition, Plaintiff alleges that Joanne Rodriquez, a claims adjustor at Illinois Union, threatened to withdraw his legal defense if he did not settle. In other words, Plaintiff alleges that Illinois Union did not act in "good faith" in defending him in the Elder litigation.

In MFA Mut. Ins. Co. v. Flint, the Tennessee Supreme Court held that insurance companies owe a duty to act in "good faith" towards their insureds:

> Insurance policies are contracts of the utmost good faith and must be administered and performed as such by the insurer. Good faith demands that the insurer deal with laymen as laymen and not as experts in the subtleties of law and underwriting. In all insurance contracts, particularly where the language expressing the extent of the coverage may be deceptive to the ordinary laymen, there is an implied covenant of good faith and fair dealing that the insurer will not do anything to injure the right of its policyholder to receive the benefits of his contract. This covenant goes deeper than the mere surface of the writing. . . .

574 S.W.2d 718, 720-21 (Tenn. 1978) (internal citations and quotations omitted). In the present case, Plaintiff argues that the insurance company did not act "fairly and in good faith" because it did not reasonably investigate Ms. Elder's claims. As the Tennessee Supreme Court has recognized, an insurer acts in bad faith when it does not reasonably investigate claims against the insured. *See* Johnson v. Tennessee Farmers Mut. Ins. Co., 205 S.W.3d 365, 370 (Tenn. 2006) (recognizing that "[t]o discharge its duty to act in good faith, an insurer must exercise ordinary care and diligence in investigating the claim and the extent of damage for which the insured may be held liable.").

Although Illinois Union was not required to file counterclaims on Plaintiff's behalf, it was

required to reasonably investigate claims filed against Plaintiff. Because the duty to act in "good faith" is implied in every insurance contract, claims related to whether Illinois Union acted in "good faith" in defending Plaintiff– in particular, investigating Ms. Elder's claims– arise out of and relate to the Policy. Because Plaintiff's claims are based upon his status as an "insured," and because those claims arose out of or relate to the Policy, the parties are **ORDERED** to submit to alternative dispute resolution, as provided by the Policy.

Accordingly, Plaintiff's Motion to Stay [Doc. 9] is **GRANTED**, whereby Plaintiff and Illinois Union are **ORDERED** to submit to alternative dispute resolution, as provided by Clause J of the Policy. Accordingly, all proceedings in this case are **STAYED UNTIL DECEMBER 31, 2010**, or until the Court is notified of the results from mediation or arbitration (whichever is earlier). The parties shall notify the Court within **sixty (60)** days from entry of this Order the identity of the mediator (or panel of arbitrators) who will conduct the mediation or arbitration, and of the date, time and place for the mediation or arbitration. It is **FURTHER ORDERED** that the parties, their representatives and/or actual decisionmakers for the parties, including persons with actual settlement authority on behalf of all the parties to this litigation, shall be present for the mediation or arbitration, which should be scheduled to occur prior to **NOVEMBER 29, 2010**. The parties shall promptly notify the Court of the results of the mediation or arbitration. If this case is not resolved through alternative dispute resolution, the Stay shall be lifted.

Because the parties are **ORDERED** to submit to mediation or arbitration, Ace Limited's Motion to Dismiss [Doc. 5] and Plaintiff's Motion to Amend the Complaint [Doc. 15] are **DENIED**. The parties are granted leave to re-file these motions in the event that this case is not resolved through alternative dispute resolution.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay [Doc. 9] is **GRANTED**, whereby the parties are required to submit to alternative dispute resolution, as required by the Policy. [*See* Clause J of the Business and Management Indemnity Policy, Doc. 1-1 at 22-23]. Because this case is **STAYED** pending mediation or arbitration, Ace Limited's Motion to Dismiss [Doc. 5] and Plaintiff's Motion to Amend [Doc. 15] are **DENIED**, with leave for the parties to re-file in the event that this case is not resolved through alternative dispute resolution.

In addition, Ace Limited is removed as a defendant, and Illinois Union Insurance Company is added as a defendant. This means that Illinois Union Insurance Company– not ACE Limited– is required to comply with the Court's Order regarding alternative dispute resolution. Plaintiff is **ORDERED** to serve a copy of the complaint and this Order on Illinois Union within fourteen days of entry of this Order. Service must comply with Rule 4(h) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                **ENTER:**

                s/ Thomas W. Phillips
                United States District Judge