IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS GIRDLESTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ILLINOIS UNION INSURANCE ) | **Civil Action No. 3:09-CV-530** |
| COMPANY1 ) | **Phillips/Shirley** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MOTION TO DISMISS

Comes now Defendant Illinois Union Insurance Company ("Illinois Union") pursuant Rule 12(b)(6) and pursuant to this Honorable Court's August 25, 2010 Order (R. 24), and hereby re-files its Motion to Dismiss Plaintiff Tom Girdlestone's Complaint. The participated in mediation on November 17, 2010, which resulted in an impasse. (Report of Mediation, R. 26.) As a result, Illinois Union understands that the previously entered stay in this matter has been lifted, and it now seeks to renew its Motion to Dismiss. (Order R. 24). Mr. Girdlestone has already withdrawn Count 1 (Violations of the Unfair Trade Practices and Unfair Claims Settlement Act of 2009), Count 2 (Negligence), and Count 6 (Fraudulent Misrepresentation). (Plaintiff's Response to Defendant's Motion to Dismiss, R. 16). Illinois Union continues to respectfully request an Order dismissing the above-captioned lawsuit with prejudice for the following reasons:

1. **Because Mr. Girdlestone has failed to allege a denial of coverage – either defense or indemnity – by Illinois Union, this entire insurance coverage lawsuit should be dismissed with prejudice.**

---

[1] Pursuant to this Honorable Court's Order dated August 25, 2010 (R. 24), Illinois Union Insurance Company has been substituted for ACE Limited as the proper party defendant. Undersigned counsel has accepted service for Illinois Union with Illinois Union's consent.

1

2. **Because Mr. Girdlestone has failed to allege the existence of any cognizable duty that was breached by Illinois Union, this entire lawsuit should be dismissed with prejudice.**

3. **Because Mr. Girdlestone failed to allege any facts that give rise to a violation of the Tennessee Consumer Protection Act, his Third Cause of Action – Count 3 – should be dismissed with prejudice.**

4. **Because Mr. Girdlestone has failed to identify any contractual obligation or duty that was breached by Illinois Union, his Fourth Cause of Action – Count 4 – should be dismissed with prejudice.**

5. **Because Mr. Girdlestone has failed to allege any facts that give rise to the tort of Outrageous Conduct, and has further failed to allege the existence of the necessary elements of that tort, his Fifth Cause of Action – Count 5 – should be dismissed with prejudice.**

In summary, Mr. Girdlestone received every benefit to which he was entitled as an insured. Mr. Girdlestone has failed to state a valid claim for which relief can be granted, and his lawsuit should be dismissed with prejudice.

Respectfully submitted, this the 23rd day of December 2010.

/s/ Robert L. Bowman
Robert L. Bowman (BPR # 017266)
Betsy J. Beck (BPR #022863)
Kramer Rayson LLP
Post Office Box 629
Knoxville, TN 37901-0629
(865) 525-5134
(*Local Counsel*)

Gregory W. Brown
(NC BAR # 26238 /VA Bar # 36369)
Jessica C. Tyndall
(NC BAR # 28745/SC Bar # 76427)
Brown Law LLP
5410 Trinity Road, Suite 116
Raleigh, North Carolina 27607
(*Admitted Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of December, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Robert L. Bowman<br>
Robert L. Bowman

Case 3:09-cv-00530-TWP-CCS   Document 27   Filed 12/23/10   Page 3 of 3   PageID #: 267